```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CRAIG RAMAGE AND FERN LANGE

                    Plaintiff,            12-CV-6395

            v.                         ORDER FOR REMAND
ELITE CARRIERS, LLC AND
DAVID ANDERSON

                    Defendants,

_____
```

Defendants, Elite Carriers, LLC and David Anderson, filed a notice of removal on July 26, 2012, seeking to remove this personal injury action to this Court from New York State Supreme Court, Ontario County, pursuant to 28 U.S.C. § 1441(b)(1) based upon diversity of citizenship. (Docket No. 1.) On August 2, 2012, this Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. (Docket No. 9.) In that Order, the Court explained that it could not ascertain whether the amount in controversy requirement under 28 U.S.C. § 1332(b) was satisfied based solely on the contents of the complaint and the removal papers. The Court instructed the Defendants to provide facts in support of their request to remove the case to this Court.

On August 16, 2012, defendant, Elite Carriers, LLC filed an affirmation in support of removal to federal court. (Docket No. 10.) In that affirmation, Elite Carriers reiterates portions of the

1

complaint and states that "the limited medical records of the plaintiff...indicate the possibility that he sustained a permanent injury and will require ongoing medical care into the future." The Defendants have not attached any of the plaintiff's medical records, nor is the nature and extent of his injuries apparent from either the complaint, the removal papers or Elite Carriers' affirmation. See e.g. Johnson-Kamara v. W. Chacon Trucking, 2006 WL 336041 (S.D.N.Y. February 9, 2006)(explaining that an allegation of "serious injury" under New York's no-fault statute does not satisfy the amount in controversy requirement).  It is simply unclear from the record whether plaintiff's injuries and resultant past and future medical expenses will amount to greater than $75,000. Defendant Elite Carriers' conclusory assertion to the contrary, without more, is insufficient for this Court to determine whether the amount in controversy requirement is met.

   Further, Elite Carriers' assertion that plaintiff made a "pre-suit" settlement demand of $300,000 is also not dispositive of the issue.  First, based on the affirmation, the Court can infer that a settlement demand was submitted prior to the filing of the complaint, but the demand letter was not submitted in connection with the affirmation.  While the Court is permitted to consider any "amended pleading, motion, order or other paper" to determine whether the case is removable, should the amount in controversy not be apparent from the face of the complaint (28 U.S.C. §

1446(b)(3)), defendants have not supplied the actual settlement demand for the Court's review; and "[a]lthough some courts have considered settlement demands in determining the amount in controversy, they have done so with caution." Brandford Paint Center, Inc. v. PPG Architectural Finishes, Inc., 2007 WL 329115, *2 (D. Conn. February 1, 2007)(citing Vermande v. Hyundai Motor America, Inc., 352 F.Supp.2d 195, 202 (D.Conn.2004)). Court's must "be alert to the fact that settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages." Vermande, 352 F.Supp.2d at 203. The Court finds that this "pre-suit" settlement demand, without more, does not establish the amount in controversy to a reasonable probability, particularly considering that the demand was made prior to the filing of a law suit and could represent mere posturing on the part of the plaintiff to avoid filing a lawsuit.

Accordingly, the Court finds that the pleadings, removal papers and the facts contained in Elite Carriers' affirmation are insufficient to establish to any degree what the amount in controversy may be. Because it is the defendants' burden to establish the amount in controversy to a "reasonable probability" (Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)), and because the Court must construe the removal statutes strictly and resolve ambiguities in favor of remand (see

e.g. Boeck v. Pacific Cycle, Inc., 2011 WL 98493, *2 (W.D.N.Y. January 12, 2011), the Court finds that Elite Carriers has not meet their burden of proving that this Court has subject matter jurisdiction over this case.

The Court notes that defendants could have taken advantage of New York Civil Practice Law and Rules Section 3017(c) prior to removal to "request a supplemental demand setting forth the total damages to which the pleader deems himself entitled," which may have provided proof sufficient to satisfy the amount in controversy requirement.  However, defendants apparently removed this case to federal court prior to requesting any such supplemental demand, and therefore, they are at a disadvantage to proving the amount in controversy to a reasonable probability. See  Boeck v. Pacific Cycle, Inc., 2011 WL 98493, *2 (W.D.N.Y. January 12, 2011)(citing cases counseling the defendants to take advantage of N.Y.C.P.L.R. § 3017 prior to filing removal papers). Accordingly, it is hereby,

ORDERED, that defendants' request to remove this case to federal court is denied; and

FURTHER that the plaintiff's complaint is dismissed and the Clerk of the Court is directed to remand this case to New York State Supreme Court, Ontario County.

**SO ORDERED.**

                                               S/ MICHAEL A. TELESCA
                                               HON. MICHAEL A. TELESCA
                                               United States District Judge

Dated:     Rochester, New York
           August 17, 2012